Jeffrey Reisner (SBN 143715)
jreisner@steptoe.com
Thomas Watson (SBN 181546)
twatson@steptoe.com
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone:  (213) 439-9400
Facsimile:   (213) 439-9599

**SEDDIGH ARBETTER, LLP**
Frank Seddigh (SBN 289846)
fs@sedbetter.com
626 Wilshire Blvd., Suite 410
Los Angeles, CA 90017
Telephone:  (213) 816-0008
Facsimile:   (213) 800-8228

Attorneys Specially-Appearing for Non-Party
*Los Angeles Apparel, Inc.*

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>DOV ARIEH CHARNEY,<br><br>    Debtor and Debtor-In-Possession.<br><br>———<br><br>P STANDARD GENERAL, LTD., and STANDARD GENERAL MASTER FUND, L.P.,<br><br>    Plaintiffs,<br><br>vs.<br><br>DOV CHARNEY, ART, COMMERCE, AND MANUFACTURING SOLUTIONS, LLC, APEX REAL ESTATE MANAGEMENT, LLC,<br><br>    Defendants. | Case No. 2:22-bk-11335-VZ<br><br>Adversary Case No.:<br>2:22-ap-01064-VZ<br><br>Chapter 11<br><br>**NON-PARTY LOS ANGELES APPAREL, INC.'S BRIEF TO CORRECT PLAINTIFFS' MISTATEMENTS OF FACT AND PROCEDURAL POSTURE IN MOTION TO REMAND**<br><br>*[Declaration of Frank Seddigh In Support of Brief Concurrently Filed herewith]* |

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................1

II. PROCEDURAL HISTORY OF THE MOTION TO AMEND ....................5

III. STANDARD GENERAL MISREPRESENTS THE FACTS IN THE MOTION TO REMAND. ..................................................................................8

    A. The State Court was not about to grant the Motion to Amend. ...........8

    B. LAA is an independent company. ......................................................9

        1. LAA is a growing, thriving concern. ..........................................9

        2. LAA has hundreds of independent lenders and investors. ........9

        3. These facts that LAA aims to correct regarding its operations are pertinent to understanding that the State Court was not on the "verge" of granting the Motion to Amend. ...................................................................................10

    C. The State Court did not find LAA was "extensively intertwined." ....................................................................................11

IV. CONCLUSION. ...................................................................................................12

NON-PARTY LOS ANGELES APPAREL, INC.'S BRIEF TO CORRECT PLAINTIFFS'
MISTATEMENTS OF FACT AND PROCEDURAL POSTURE IN MOTION TO REMAND

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Highland Springs Conf. & Training Ctr. v. City of Banning*,
   244 Cal.App.4th 267 (2016) .................................................................. 10, 11, 12

*Relentless Air Racing, LLC v. Airborne Turbine Ltd. P'ship*,
   222 Cal. App. 4th 811 (2013) ........................................................................... 6

**TO THE COURT, PARTIES, AND COUNSEL OF RECORD:**

Non-Party Los Angeles Apparel, Inc. ("LAA") specially appears because it contests any jurisdiction over it with respect to this proceeding that is the subject of the Motion to Remand. LAA provides this this brief and the accompanying Declaration of Frank Seddigh, its General Counsel and Corporate Secretary, to correct Plaintiffs and Judgment Creditors P Standard General Ltd.'s and Standard General Master Fund, L.P.'s (together, "Standard General") misstatements in their Motion to Remand regarding the underlying facts, procedural posture, and jurisdiction as to LAA.

LAA does not submit this brief to argue the merits of the underlying relief sought by Standard General in the adversary proceeding—which is to hold LAA responsible for a $30 million judgment against its CEO, Dov Charney, on an alter ego theory—or the merits of Standard General's Motion to Remand.[1] That said, in the event that this Court remains the trier of fact on alter ego, this Court should have an accurate understanding of the facts that will invariably affect its decision as well as a sense of the impact from an incorrect decision.

## I.    Introduction

LAA is a made-in-Los Angeles success story. It has grown from a fragile startup with uncertain prospects to a thriving, community-focused business in just a few short years.  In 2016, it had 37 employees. Today, it has more than 2,000 full-time employees, and is considered one of the largest sewn product manufacturing operations in the G7. The company supports workers with living wages whereby its manufacturing workers can earn as much as $30 per hour with

---

[1] Note, Standard General discusses the Motion to Amend in its Motions to Remand as filed in two different adversary proceedings. The facts discussed herein on LAA's jurisdictional objections and the Motion to Amend are relevant to Adversary Case No.: 2:22-ap-01064-VZ, the proceeding in which the Motion to Amend was filed.

health care benefits at $15 per week, paid sick days and a 401k savings plan. Rather than using low cost offshore labor like almost all of its competitors, LAA leverages art, technology and ideas with a focus on vertical integration and local manufacturing within the context of the Los Angeles community while remaining financially sustainable.[2]

      As LAA's CEO and employee, the Debtor Dov Charney is largely responsible for that success and extraordinary growth. But Dov Charney is not LAA and does not own even a small piece of the company; he had no assets with which to invest. Instead, multiple third-party investors financed the startup and still own it today, including over 200 employees who have lent money ranging from approximately $500 to $50,000 on an unsecured basis.

      In the underlying action, Standard General moved to amend its $30 million judgment against Dov Charney to include LAA as an additional judgment debtor based on an alter ego theory. Standard General never served that Motion to Amend on LAA, even though the Motion has been pending since September 2021. Hence, LAA objects to jurisdiction. On the merits, Standard General's requested relief is contrary to applicable law and the relevant facts. That is for another day.

      LAA preserves its jurisdictional and substantive arguments on the Motion to Amend, but provides this brief to inform the Court about the status of the state court proceeding with respect to non-party LAA and to correct Standard General's material misstatements about it and LAA.

      As set out below, because Standard General did not serve the Motion on LAA when it was filed in September 2021, LAA did not appear to contest the Motion. Nonetheless, the State Court entertained the Motion on multiple occasions prior to LAA's specially appearing to contest jurisdiction on January 23, 2022.

---

[2] *See* "Our Values", at https://losangelesapparel.net/pages/our-values.

In its Motion to Remand, Standard General relies on a January 24, 2022 tentative ruling to argue that this Court should remand the action because the State Court was on the "very verge of providing crucial state law relief"—granting the Motion to Amend—when Dov Charney filed for bankruptcy protection. But three things are wrong with Standard General's reliance on the January 24 tentative:

- First, LAA specially appeared to seek to contest what was happening in the State Court only the day before, so the State Court had never heard any arguments whatsoever from LAA when it issued the tentative ruling.
- Second, it is a *tentative* ruling. No doubt many tentative rulings end up becoming orders of the court, but that does not give Standard General license to argue that this one would have.
- Third, and most importantly, in the months subsequent to that January 24th tentative, the State Court *never adopted* that tentative as the final order. Instead, the State Court requested additional briefing on jurisdiction and issued a tentative ruling on March 11, 2022, which requested further briefing on Standard General's Motion to Amend.

These continuances resulted from LAA's special appearance requesting an opportunity to contest jurisdiction, and if that failed, to contest the Motion to Amend itself, and to make significant additions and corrections to the record after the undersigned counsel became engaged in this matter.

In addition to LAA's special appearance, as other nonparties, including investors in LAA and employee-lenders to LAA, learned what was threatening to occur in the State Court, many of them hired counsel and sought to intervene to protect their individual rights and oppose the Motion to Amend. In total, seven

non-parties filed *ex parte* applications and briefs between January 23 and March 11, 2022.³

As a consequence of these actions, on March 11th, rather than ruling against LAA on the Motion to Amend, as Standard General would have this Court believe was an impending certainty, the State Court issued a tentative ruling on March 11, 2022, in which the State Court would deny LAA's jurisdictional challenge but *grant LAA's request to file a substantive opposition to the Motion to Amend, an opposition to be considered by the Court prior to any ruling thereon*. Thus, the State Court certainly was not "on the verge of providing crucial state law relief."

Further, Standard General glosses over the content of LAA's briefing and that of the other non-parties, which included evidence that LAA is a growing, thriving concern that employs thousands in an opportunity zone in South Central Los Angeles, and is financed by dozens of independent equity investors, trade creditors, and hundreds of unsecured lenders. In other words, LAA is a real company—not at all owned by Dov Charney—that is a vital part of the community.

Contrary to Standard General's allegations, LAA is not an alter ego "cash cow that funds Charney's life" to be seized and stripped by Standard General. Nor does it operate for the benefit of Dov Charney. Payments made by LAA to Dov Charney have been proper and accounted for—either as income to him, or as reimbursement of legitimate business expenses, which have been mischaracterized by Standard General as income as well.

---

³These non-parties include LAA; Morris Charney, as Trustee of the Montreal Family Trust; LA 9, LLC; Michael Serruya; Rina Amaya; Esmeralda Bermudez; and Marina Andrade.

Nor should this Court allow—as Standard General seeks to do here—Standard General's allegations and insinuations about Charney's past conduct to taint LAA.

Thus, the predicate for Standard General's Motion to Remand—its depiction of the State Court's actions here—is just not true.

## II. Procedural History of the Motion to Amend

The overview below of the procedural history of the Motion to Remand is presented here for one purpose: To show that the State Court was **not** on the verge of granting the relief sought by Standard General when Dov Charney filed for bankruptcy.

**September 23, 2021**

*Standard General filed its Motion to Amend.* Standard General filed its Motion to Amend.[4] It was *not* served on LAA.[5]

**January 24, 2022**

*State Court issued tentative ruling on Motion to Amend.* Following several continuances, the State Court issued a tentative ruling for the following day's hearing that would grant the Motion to Amend in its entirety if it were adopted as a final ruling.[6] That same day, LAA and Morris Charney, as Trustee of the Montreal Family Trust[7] specially appeared and filed an objection to jurisdiction and, in the alternative, a request for continuance to enable them to oppose the Motion to Amend.[8]

---

[4] Declaration of Frank Seddigh ("Seddigh Decl."), at ¶ 8, Ex. A.

[5] Seddigh Decl., ¶ 8, Ex. A.

[6] Seddigh Decl., ¶ 9, Ex. B.

[7] Note, Morris Charney is the father of Dov Charney, and the Montreal Family Trust is for the benefit of Dov Charney's siblings. Dov Charney is not a beneficiary of the Montreal Family Trust.

[8] Seddigh Decl., ¶ 10, Ex. C.

**January 25, 2022**

*The State Court continued the January 25 hearing.* Following oral argument,[9] the State Court continued the hearing on the Motion to Amend to March 9, 2022 and ordered LAA and Montreal Family Trust to file 10-page briefs on the issue of jurisdiction.[10]

**February 15, 2022**

*LAA briefed jurisdictional arguments.* LAA filed its brief on jurisdiction. In addition, LAA explained that at least 65 of LAA's employees have loaned their personal savings to the company, and there are multiple nonparties, unrelated to Dov Charney or his family, who have an equity stake in LAA.[11]

**Early March 2022**

*Non-party investors asked to intervene.* Non-party LA 9, LLC, an independent investor that had invested $2 million in LAA[12] and non-party Michael Serruya, an independent lender who loaned $500,000 to LAA each applied separately *ex parte* for leave to file complaints-in-intervention.[13] Both were

---

[9] Seddigh Decl., ¶ 11, Ex. D, at 31:15-18.

[10] Seddigh Decl., ¶ 11, Ex. E.

[11] Seddigh Decl., ¶ 12, Ex. F. This information is relevant because LAA can only be Dov Charney's alter ego if the interests of LAA and Dov Charney are identical, meaning that there is such "unity of interest" between LAA and Dov Charney as to ensure that LAA's interests were represented in the underlying litigation. The fact that persons other than Dov Charney own and control LAA compels a finding that LAA is not an alter ego of Dov Charney and defeat Standard General's alter ego arguments. *See, e.g., Relentless Air Racing, LLC v. Airborne Turbine Ltd. P'ship*, 222 Cal. App. 4th 811, 816 (2013).

[12] Standard General omitted this from the Motion to Remand, although it acknowledged it in prior filings in this case. Seddigh Decl. ¶ 16, Ex. J.

[13] Seddigh Decl., ¶¶ 13-14, Ex. G and H.

unaware of Standard General's Motion to Amend, the Court denied these ex parte applications.

**March 3, 2022**

*LAA filed a request to present oral testimony.* LAA filed a conditional request to present oral testimony in opposition to the Motion to Amend, including to present evidence to contradict Standard General's claim that LAA wrote checks to "cash" that Charney used as he pleased.[14]

**March 8, 2022**

*Standard General opposed LAA's request.* Standard General filed an opposition to LAA's conditional request to present oral testimony, but nonetheless acknowledged the existence of independent investors on March 8, 2022.[15]

**March 10, 2022**

*Three non-party employees of LAA asked to intervene.* Non-parties Rina Amaya, Esmeralda Bermudez, and Marina Andrade, two of whom loaned $10,000 to LAA and to whom $10,000 is a very significant sum of money, filed an *ex parte* application for leave to file a Complaint-in-Intervention, to be heard on March 14, 2022. Non-party Andrade's interest is based on her employment by LAA.[16]

**March 10, 2022**

*LAA filed its reply brief regarding oral testimony.* LAA filed a reply in support of its conditional request to present oral testimony.[17] LAA's reply pointed out that Standard General had conceded that LA 9, LLC is an unrelated minority investor in LA 9.[18]

---

[14] Standard General repeats this assertion in the Motion to Remand at 6:14-18.
[15] Seddigh Decl., ¶ 16, Ex. J.
[16] Seddigh Decl., ¶ 17, Ex. K.
[17] Seddigh Decl., ¶ 18, Ex. L.
[18] Seddigh Decl., ¶ 18, Ex. L, at 4:17-19.

*Dov Charney commenced this bankruptcy proceeding.*

**March 11, 2022**

*The State Court issued a tentative ruling prior to oral argument and prior to learning about the bankruptcy filing.* The tentative ruling would have denied LAA's jurisdictional objections but granted LAA's request to submit a substantive opposition to the Motion to Amend and continued the hearing on the Motion to Amend.[19]

Thus, as of March 11, 2022, the Court was at square one with the Motion.

### III. Standard General Misrepresents the Facts in the Motion to Remand.

#### A. The State Court was not about to grant the Motion to Amend.

Standard General omits any reference to the State Court's March 11, 2022 tentative ruling. Standard General's Motion to Amend, filed in September 2021, was still far from being granted. Independent non-parties were rushing to the State Court to preserve their interests and demonstrate that LAA was not an alter ego, and LAA would have submitted a detailed opposition that would have provided the State Court with simple grounds for denying the Motion to Amend.[20]

The State Court's tentative was also to grant Montreal Family Trust's request to oppose the Motion to Amend, given that the Trustee of Montreal Family Trust had "not submitted his own opposition to the amendment motion."[21] Thus, the State Court was to hear at least two new arguments and sets of evidence.

With respect to *ex parte* applications by non-party lender Michael Serruya and non-party investor LA 9, LLC, the State Court's tentative stated:

> Intervenors failed to establish irreparable harm…given they are premised on a *potential* ruling of the Court to amend the

---

[19] Seddigh Decl., ¶ 19, Ex. M, at 2.

[20] *See* Seddigh Decl., ¶ 19, Ex. M.

[21] Seddigh Decl., ¶ 19, Ex. M, at 14.

> judgment to add LA Apparel as a judgment debtor, which, *if granted*, would only be issued after LA Apparel has filed its substantive opposition….There is no showing of actual harm, only potential harm depending on the Court's finding of alter ego as to LA Apparel, and given its contingent nature, the harm is too speculative to support ex parte relief.[22]

The italics are in the State Court's original tentative ruling. Thus, the Motion to Amend, despite having been filed many months ago, was far from being adjudicated.

### B. LAA is an independent company.

#### 1. LAA is a growing, thriving concern.

LAA has created thousands of jobs in South Central Los Angeles since its inception, employed more than 2,500 people in 2021 alone, and currently leases upwards of 310,000 square feet of industrial space.[23] LAA has more than $80 million in gross receipts per year.[24] Though LAA's volume of business is impressive, the $80 million does not reflect actual profits, which are materially less.[25] In fact, LAA has less than $1 million in liquidity and $10 million in outstanding debts.[26]

#### 2. LAA has hundreds of independent lenders and investors.

Standard General glosses over the fact that "LAA claims to have over 250 investors,"[27] and fails to mention that **seven** non-parties—none of whom was

---

[22] Seddigh Decl., ¶ 19, Ex. M, at 22 (italics in original).

[23] Seddigh Decl., ¶ 12, Ex. F, at 17.

[24] Seddigh Decl., ¶ 17, Ex. K, at 22.

[25] *Id.*

[26] Seddigh Decl., ¶ 13, Ex. G, at 15.

[27] Motion to Remand, at 4:17-21.

NON-PARTY LOS ANGELES APPAREL, INC.'S BRIEF TO CORRECT PLAINTIFFS' MISSTATEMENTS OF FACT AND PROCEDURAL POSTURE IN MOTION TO REMAND

served with the Motion to Amend—specially or generally appeared in the case in between January 23 and March 11, 2022.

Three of the non-parties were LAA employees who loaned their personal savings to LAA to finance its operations.[28] Those LAA employees filed an *ex parte* application for leave to intervene and protect their interests.[29] There are at least 200 individual employees of LAA that have loaned their personal savings to LAA to finance its operations.[30]

LA 9, LLC, an independent investor that invested $2 million in LAA, applied *ex parte* for leave to intervene and protect its interests. Michael Serruya, another independent lender who loaned $500,000 to LAA, applied *ex parte* for leave to intervene and protect his interests.[31] Neither LA 9, LLC nor Michael Serruya have any connection to LAA, Dov Charney, or Dov Charney's family, other than their respective investment and loan.

### 3. These facts that LAA aims to correct regarding its operations are pertinent to understanding that the State Court was not on the "verge" of granting the Motion to Amend.

As set out above, LAA's briefings demonstrate the existence of **dozens** of independent lenders or investors who have yet to intervene, and whose interests would be wiped out if Standard General's Motion to Amend were granted. Because the court's alter ego analysis includes whether there is a unity of interest between LAA and the judgment debtors,[32] the existence of these nonparties supports LAA's opposition to the Motion to Amend.

---

[28] Seddigh Decl., ¶ 17, Ex. K.
[29] Seddigh Decl., ¶ 17, Ex. K.
[30] Seddigh Decl., ¶ 4.
[31] Seddigh Decl., ¶ 14, Ex. H.
[32] *Highland Springs Conf. & Training Ctr. v. City of Banning*, 244 Cal.App.4th 267, 280 (2016).

Further, Standard General misrepresents LAA as the "cash cow" alter ego of Dov Charney. LAA is a growing, successful business, but it is so because it is reinvesting in itself. As the Court is well aware, most companies—no less a low margin, capital intensive start-up like LAA—take years or decades before they ever produce substantial free cash. Thus, Standard General's cash cow argument is just not factually true. Nor would LAA's ownership be satisfied with an absentee, always-on-vacation CEO. To the contrary, LAA has achieved extraordinary growth rates because it has a CEO with particular business expertise that has been fully devoted to growing LAA often working up to 100 hours per week and sleeping at the factory for days and weeks on end. No company can achieve growth rates as LAA has without its CEO's being fully devoted to the business. Second, these facts weigh heavily against a determination that LAA is an alter ego because the court must consider the "use of one as a mere shell or conduit for the affairs of the other,"[33] and LAA demonstrably does not exist to handle Dov Charney's personal affairs or for his personal benefit.

### C. The State Court did not find LAA was "extensively intertwined."

The Motion to Remand wrongly states that the State Court made a finding on August 26, 2019 that LAA, Charney and other companies are "extensively intertwined."[34] In support, the Motion to Remand cites to Exhibit 10 to Standard General's Request for Judicial Notice, which does not reflect that statement, or even mention LAA at all.[35] While LAA makes payments to its CEO for his work in building the business and covers or reimburses his business expenses (as do most companies of course), it is an independent company. Indeed, it also pays thousands

---

[33] *Highland Springs*, 244 Cal.App.4th, at 280.

[34] Motion to Remand at 6:11-12.

[35] Standard General's Request for Judicial Notice in support of its Motion to Remand, Exhibit 10.

of other workers and has dozens of independent investors, trade creditors and lenders.[36]

**IV.   Conclusion.**

Standard General misrepresented the record and omitted key facts in its Motion to Remand, and this brief and the Declaration of Frank Seddigh are submitted to aid the Court's review of this case.

DATED:  April 7, 2022        STEPTOE & JOHNSON LLP

By:   /s/ Jeffrey Reisner
     Jeffrey Reisner
     Thomas Watson

SEDDIGH ARBETTER, LLP

By:   [signature]
     Frank Seddigh

Attorneys Specially Appearing for Non-Party, *Los Angeles Apparel, Inc.*

---

[36] These facts show that LAA is not an alter ego because the court must consider the "use of one as a mere shell or conduit for the affairs of the other." *Highland Springs Conf. & Training Ctr. v. City of Banning*, 244 Cal.App.4th 267, 280 (2016).

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 633 West Fifth Street, Suite 1900, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **NON-PARTY LOS ANGELES APPAREL, INC.'S BRIEF TO CORRECT PLAINTIFFS' MISTATEMENTS OF FACT AND PROCEDURAL POSTURE IN MOTION TO REMAND**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 7, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) April 8, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Judge Vincent P. Zurzolo
United States Bankruptcy Court
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1360 / Courtroom 1368
Los Angeles, CA 90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/7/2022 | Melissa Hernandez | /s/ Melissa Hernandez |
|----------|-------------------|------------------------|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Anthony Bisconti**    tbisconti@bklwlaw.com, 4579179420@filings.docketbird.com;docket@bklwlaw.com
- **Christopher J Harney**    charney@tocounsel.com, stena@tocounsel.com
- **William N Lobel**    wlobel@tocounsel.com, stena@tocounsel.com;sschuster@tocounsel.com
- **Jessica Taran**    jtaran@jtaranlaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov


**3. SERVED BY OVERNIGHT MAIL**

Keith A. Fink
Keith A Fink & Associates
11500 Olympic Blvd Ste 316
Los Angeles, CA 90064

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**